IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MERLE T. RUTLEDGE, | ) | |
| | ) | 4:10CV00035 |
| Plaintiff | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| TOWN OF CHATHAM, ET AL. | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants | ) | |

Before me are Motions to Dismiss filed by the Commonwealth of Virginia, Governor Robert McDonnell, Attorney General Kenneth Cuccinelli II, Governor Janice Brewer, Attorney General Terry Goddard, the Town of Chatham, the Chatham Police Department, Chatham Police Chief Marvin Wright, Chatham Police Officer Roach, the City of Danville, and the Danville Police Department.  Mot. to Dismiss for Lack of Jurisdiction, Sept. 16, 2010, ECF No. 9 (by the Commonwealth, Governor McDonnell, and Attorney General Cuccinelli); Mot. to Dismiss for Failure to State a Claim, Sept. 16, 2010, ECF No. 11 (by the Commonwealth, Governor McDonnell, and Attorney General Cuccinelli); Mot. to Dismiss, Sept. 16, 2010, ECF No. 15 (by Attorney General Goddard); Mot. to Dismiss, Sept. 16, 2010, ECF No. 20 (by Governor Brewer); Mot. to Dismiss, Sept. 29, 2010, ECF No. 33 (by Town of Chatham, Chatham Police Department, Chatham Police Chief Wright, and Officer Roach); Mot. to Dismiss, Sept. 29, 2010, ECF No. 35 (by City of Danville and Danville Police Department).  In addition, the Danville City Attorney has filed a Motion to Dismiss and/or Strike.  Mot. to Dismiss and/or Strike, Sept. 29, 2010, ECF No. 38.  Although the Plaintiff has yet to respond to these motions, 28 U.S.C. § 1915(e)(2)(B) compels this court to dismiss claims filed in forma pauperis at

1

any time upon a determination that the plaintiff has failed to state a claim or that the plaintiff seeks money damages against a defendant who is immune. See also Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). For the reasons set forth below, the Plaintiff's claims against the Commonwealth of Virginia, Governor Robert McDonnell, Governor Janice Brewer, Attorney General Kenneth Cuccinelli II, Attorney General Terry Goddard, the City of Danville, the City of Danville Police Department, the Pittsylvania County Board of Supervisors, the Town of Chatham, the Town of Chatham Police Department, Chatham Police Chief Marvin Wright, and the Danville City Attorney are **DISMISSED WITHOUT PREJUDICE**.

The Plaintiff's claims against the Commonwealth, Governor McDonnell, Governor Brewer, Attorney General Cuccinelli, and Attorney General Goddard are barred by the Eleventh Amendment to the U.S. Constitution, which prohibits citizen suits against a state in federal court for money damages. Hans v. Louisiana, 134 U.S. 1, 18 (1890); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). It is clear from the Plaintiff's Complaint that he is seeking money damages from Governor McDonnell, Governor Brewer, Attorney General Cuccinelli, and Attorney General Goddard for decisions made and opinions expressed in their official capacities. Compl. 5-6, Aug. 10, 2010, ECF No. 3. The U.S. Supreme Court has been clear that lawsuits against state officials in their official capacity are, in effect, suits against the state and are also prohibited by the Eleventh Amendment. Will, 491 U.S. at 71.

The Plaintiff has also included the City of Danville, the Danville Police Department, the Town of Chatham, and the Chatham Police Department as defendants. Compl. 1. It should be noted at the outset that municipal police departments in Virginia

are not separate jural entities and thus cannot be sued. Fed. R. Civ. P. 17(b)(3) (where the defendant is not an individual or corporation, the capacity to be sued is determined by state law); Streit v. County of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001) (in federal civil rights suit against the county sheriff's department, Fed. R. Civ. P. 17(b) deferred to state law to determine amenability of the sheriff's department to suit); Burnley v. Norwood, No. 3:10-CV-264, 2010 WL 3063779, at *5 (E.D.Va. Aug. 4, 2010) (court treated claims against the Richmond City Police Department as claims against the City of Richmond because under Virginia law the city police department did not have the capacity to be sued); Muniz v. Fairfax County Police Dep't, No. 1:05-CV-446, 2005 WL 1838326, at *2 (E.D.Va. Aug. 2, 2005) (the Fairfax County Police Department is not amenable to suit because, as an operating division of Fairfax County, the department cannot be sued unless the General Assembly has vested it with the capacity to be sued, which the General Assembly has not). This Court will therefore construe the Plaintiff's claims against the police departments to be claims against the municipalities. Burnley, 2010 WL 3063779, at *5. Although the Plaintiff has alleged violations of both 42 U.S.C. § 1983 and 42 U.S.C. § 14141, the Plaintiff may only sue under § 1983, since § 14141 does not create a private cause of action. Compl. 3-4; CP, ex rel. Powell v. Tennessee, No. 3:10-CV-126, 2010 WL 2598105, at *3 (E.D. Tenn. June 24, 2010) (§ 14141 does not create a private cause of action); Gray v. Michigan Dep't of Human Services, No. 09-CV-12596, 2010 WL 1755055, at *3 (E.D. Mich. Apr. 22, 2010) (same); Johnson v. Missouri City, No. H-07-1739, 2009 WL 6767109, at *1 fn.1 (S.D. Tex. Mar. 9, 2009) (same). The only way the City of Danville, the Danville Police Department, the Town of Chatham, and the Town of Chatham Police Department could be liable under § 1983 is if

they caused the Plaintiff to be deprived of his rights through an official policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). See also Gary v. Floyd, 582 F.Supp.2d 741, 749-50 (D.S.C. 2007) (as to the police departments). Municipal policies can be found in written regulations and ordinances, directions by those who establish governmental policy to take a certain course of action, and in omissions by policymakers that manifest a deliberate indifference to the rights of citizens. Carter, 164 F.3d at 218. Municipal customs are evidenced by practices that are "so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." Id. (internal quotation marks and citing references omitted). The Complaint makes no mention of a written policy and emphasizes that Officer Roach was not under instructions from anyone to stop the Plaintiff. Compl. 2-3.

The Plaintiff notes in his Complaint that the City of Danville and its police department were "well aware that Officer Roach was not trained and also had a bias against people based off their race." Compl. 7. Although failure to train can form the basis for municipal liability under § 1983, the Plaintiff has failed to plead with sufficient specificity to state a claim for the purposes of Fed. R. Civ. P. 12(b)(6). City of Canton v. Harris, 489 U.S. 378, 380 (1989) (failure to train can give rise to municipal liability under § 1983). The Plaintiff offers nothing more than his conclusion that the City of Danville and the Danville Police Department knew of Officer Roach's biases and the inadequacy of his training. Compl. 7. Even under the more lenient pleading standards in place before Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Fourth Circuit held that a plaintiff's "claim of municipal liability

4

fail[ed] even the liberal notice-pleading requirement" because the plaintiff's "critical allegations of a municipal policy of inadequate training [were] asserted entirely as legal conclusions." Revene v. Charles County Comissioners, 882 F.2d 870, 874-75 (4th Cir. 1989). See also Burnley, 2010 WL 3063779, at *6 (granting defendants' motion to dismiss where the plaintiff's § 1983 claim made only conclusory allegations of deficient police training, but did not plead any facts regarding the department's training programs).

The Plaintiff further alleges that the Chatham Police Department "has a pattern of stopping people for no reason at all." Compl. 2. This allegation fails to state a claim for the same reason as the Plaintiff's previously discussed assertion about training—the claim is not fleshed out with a statement of the facts that lead the Plaintiff to draw that legal conclusion. Twombly, 550 U.S. at 555-56. Although the Court must accept the Plaintiff's assertions of fact as true when considering whether the Plaintiff has stated a claim upon which relief can be granted, the Court does not accept legal conclusions as true. Iqbal, 129 S.Ct. at 1949-50. In the case at bar, the Plaintiff offers no other specific instances of police abuses, rather he simply assures the Court that "[r]acial [p]rofiling and the pattern will be proven by other witnesses and towns people [sic] that have experienced this type of conduct like myself [sic]." Compl. 7. The Plaintiff has failed to offer anything more than "naked assertions devoid of further factual enhancement," and thus has failed to state a claim against the Chatham Police Department. Iqbal, 129 S.Ct. at 1949.

The Complaint includes Chatham Police Chief Marvin Wright as a defendant, asserting that Chief Wright "fail[ed] to protect the public from Officer Roach['s] abusive and illegal pattern of unwarranted stops." Compl. 4. The Plaintiff fails to mention

whether Chief Wright knew about this pattern of stops. Since the Plaintiff pleads no facts showing that Chief Wright had actual or constructive prior knowledge of a pattern of unlawful detention, the Plaintiff has failed to state a claim against Chief Wright. Ruttenberg v. Jones, 603 F.Supp.2d 844, 871 (E.D.Va. 2009) (police chief could not be held liable in a § 1983 action where the chief had no actual or constructive knowledge of subordinates engaging in conduct posing a pervasive and unreasonable risk of constitutional injury); Flanagan v. Anne Arundel County, 593 F.Supp.2d 803, 811-12 (D.Md. 2009) (police chiefs were not liable in a § 1983 action where there was no evidence that the chiefs had or should have had prior knowledge of the subordinate police officer's actions). At most, Chief Wright found out about the one incident involving the Plaintiff after the fact. Compl. 3-4. This is simply insufficient to establish deliberate indifference. Randall v. Prince George's County, 302 F.3d 188, 206 (4th Cir. 2002) (deliberate indifference ordinarily cannot be shown by pointing to one incident or a few isolated incidents). Furthermore, the Plaintiff admits that Chief Wright had no personal involvement whatsoever in his particular stop. Compl. 4. To the extent that the Plaintiff otherwise seeks to hold Chief Wright liable on a strict respondeat superior theory, his claim must fail. Kohler v. Englade, 470 F.3d 1104, 1114-15 (5th Cir. 2006).

     The Plaintiff also seeks to hold the Pittsylvania County Board of Supervisors liable on a respondeat superior theory. Compl. 4. The Board of Supervisors is mentioned in only one sentence of the Complaint: "Board of Supervisors and the Town of Chatham, Va are the primary defendants that handles [sic] lawsuits and liability issues of their police departments and officers." Id. A suit against the Board of Supervisors in their official capacity is a suit against the county, since the damages would come from the

county coffers. Hughes v. Blankenship, 672 F.2d 403, 405-06 (4th Cir. 1982); Bourque v. Town of Bow, 736 F.Supp. 398, 407 (D.N.H. 1990). The Fourth Circuit has made clear that a municipality cannot held liable in a § 1983 case solely on the grounds of respondeat superior. Carter, 164 F.3d at 218.

Since the Plaintiff has failed to plead sufficient facts to establish an official municipal policy or custom of illegal detentions, it should be noted that Officer Roach cannot be held liable in his official capacity. Hughes, 672 F.2d at 405-06; Laboke v. City of Fairmont, No. 99-2073, 2000 WL 265627, at *1 (4th Cir. Mar. 10, 2000). The Fourth Circuit has noted that "[o]fficial capacity suits generally represent but another way of pleading an action against the entity of which the officer is an agent, and damages may be awarded against a defendant in his official capacity only if they would be recoverable against the governmental entity itself." Hughes, 672 F.2d at 406. Accord Bruce v. Beary, 498 F.3d 1232, 1249 fn.33 (11th Cir. 2007). This does not, of course, prevent the Plaintiff from proceeding against Officer Roach in his individual capacity. Laboke, 2000 WL 265627, at *1.

In addition to claims stemming from the Plaintiff's encounter with Officer Roach, the Complaint alleges that the Town of Chatham improperly refused to supply the Plaintiff with certain records pursuant to the Freedom of Information Act. Compl. 7. Because the federal Freedom of Information Act covers only federal agencies, the Plaintiff must be making his claim under the Virginia Freedom of Information Act. Compare 5 U.S.C. § 551(1) (defining "agency" for the purposes of the federal Freedom of Information Act) with Va. Code Ann. § 2.2-3701 (defining "public body" for the purposes of the Virginia Freedom of Information Act). The United States District Court

is not the proper court before which a claim under the Virginia Freedom of Information Act may be brought.  Where a request for records under the Virginia Freedom of Information Act is denied, appeals may be brought before the state Circuit Court.  Va. Code Ann. § 16.1-106; Wigand v. Wilkes, 65 Va. Cir. 437, 437 (Va. Cir. Ct. 2004).  In this case the Plaintiff must take his appeal to the Pittsylvania County Circuit Court.

Finally, the Plaintiff appears to have included the Danville City Attorney as a Defendant for the first time in a brief he recently filed.  Pl.'s Resp. in Opp'n 1, Sept. 20, 2010, ECF No. 25.  The Danville City Attorney was not listed as a Defendant in the Complaint, nor did the Complaint allege any claims or facts against the Danville City Attorney.  In fact, the Plaintiff has made no allegations against the Danville City Attorney in any pleading or document he has filed with this Court.  Although Fed. R. Civ. P. 15(a)(1) gives the Plaintiff the right to amend his Complaint without leave of Court before a response is filed, the Plaintiff cannot add a Defendant without amending his Complaint, which he has not done.  Thompson v. Carter, 284 F.3d 411, 415 (2d Cir. 2002) (a motion to dismiss alone is not considered a responsive pleading and does not terminate the plaintiff's ability to amend his complaint of right); Adkins v. Labor Ready, Inc., 205 F.R.D. 460, 464-465 (S.D.W.Va. 2001) (plaintiff's motion to add defendants must fail where the plaintiff did not amend his complaint to allege any facts against new defendants).

The Plantiff's claims against the Commonwealth, Governor McDonnell, Governor Brewer, Attorney General Cuccinelli, and Attorney General Goddard are barred by the Eleventh Amendment.  The Plaintiff clearly fails to state a claim against any of the remaining defendants except Officer Roach.  Furthermore, the Plaintiff's claim

8

under the Virginia Freedom of Information Act must go to state Circuit Court.  Finally, the Plaintiff has neither amended his Complaint to include nor alleged any facts whatsoever against the Danville City Attorney.  For these reasons I **DISMISS WITHOUT PREJUDICE** the Plaintiff's claims against the Commonwealth of Virginia, Governor Robert McDonnell, Governor Janice Brewer, Attorney General Kenneth Cuccinelli II, Attorney General Terry Goddard, the City of Danville, the City of Danville Police Department, the Pittsylvania County Board of Supervisors, the Town of Chatham, the Town of Chatham Police Department, Chatham Police Chief Marvin Wright, and the Danville City Attorney.

Entered this 30th day of September, 2010.

s/Jackson L. Kiser
Senior United States District Judge